# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**GLEN AKINS**                                    **CIVIL ACTION NO. 22-0468**

                                                              **SECTION P**

**VS.**

                                                              **JUDGE TERRY A. DOUGHTY**

**MOREHOUSE PARISH 4TH DISTRICT**         **MAG. JUDGE KAYLA D. MCCLUSKY**
**LAW ENFORCEMENT, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Glen Akins, proceeding pro se and in forma pauperis, filed this proceeding on February 14, 2022, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish 4th District Law Enforcement, Morehouse Parish Sheriff's Department, Bastrop Police Department, Louisiana State Police, Chris Thirdkill, Judge Fred Jones, John Spires, Randy Tappin, Corporal Epps, Michael Tubbs, Antonio German, James Mardis, Caleb Marble, Ryan Floyd, David Mcaspin, Jamarco Epps, Ricky Perry, Todd Mattice, Chason Carroll, Carinealius White, Clint Dickens, Alvin Holmes, Daniel Jones, Rose Worley, Libby Brixey, Scott Culp, Scott Floyd, Patrick Morrison, Brian Rainbolt, Jeremy Streeter, Shavoe Smith, Rebecca Wallace, Jeff Philley, Tyree Rowden, Josh Hawthorne, and Chad Priestly.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

In his initial pleading, Plaintiff vaguely claims that defendants violated his rights under the Americans with Disabilities act ("ADA"), denied him due process, harassed him, and refused

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

him medical treatment.  [doc. # 1, p. 4].  He seeks $70,000,000,000.00 for his pain and suffering.
*Id.*

In an amended pleading, Plaintiff maintains that he is paralyzed "with a broken neck . . .
."  [doc. # 5, p. 1].  He claims that on September 25, 2019, the Morehouse Parish Sheriff's
Department and the "4th District": (1) illegally searched his home; (2) dropped him three times
when they tried to lift him from his wheelchair; (3) failed to call paramedics; (4) placed him in a
truck which was not handicap-accessible; and (5) transported him to jail instead of to a hospital.
[doc. #s 5, p. 1; 7-1, p. 1].  He claims that "they" did not place him back in his wheelchair
correctly, and they refused to help him "get back in" his wheelchair.  [doc. # 5, p. 1].  Plaintiff
alleges that he "had to beg for hours to get them to take [him] to the hospital . . . ."  *Id.*  His neck
was swollen, and he was in pain.

Plaintiff reiterates that "they" have been harassing him and discriminating against him.
*Id.*  He maintains that every time he attempts to "file a complaint with Morehouse Parish they
tell" him that they cannot help him.  *Id.*  He states that they have been treating him "like this for
about 3 years and 5 months[.]"  *Id.*

Plaintiff claims that on January 31, 2022, Judge Fred Jones, John Spires, Randy Tappin,
Corporal Epps, and Chris Thirdkill held him hostage and tried to "focus" him to "take some
charges to cover their wrongdoing."  *Id.*

## Law and Analysis

### 1. Preliminary Screening

Because Plaintiff is proceeding in forma pauperis, his Complaint is subject to screening
under § 1915(e)(2).  Section 1915(e)(2)(B) provides for *sua sponte* dismissal of the complaint, or
any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on

which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra.*

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions. *Iqbal, supra.*  A pleading comprised of

3

"labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

District courts are authorized to dismiss a claim as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 and ADA actions is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984); *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 21 (5th

Cir. 2010).  Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here.  *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)).  In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action."  *Brockman*, 397 F. App'x at 22.

Here, Plaintiff claims that the Morehouse Parish Sheriff's Department and the "4th District": (1) illegally searched his home; (2) dropped him three times when they tried to lift him from his wheelchair; (3) failed to call paramedics; (4) placed him in a truck which was not handicap-accessible; and (5) transported him to jail instead of to a hospital.  [doc. #s 5, p. 1].  He claims that "they" did not place him back in his wheelchair correctly, and they refused to help him "get back in" his wheelchair.  [doc. # 5, p. 1].  He alleges that he "had to beg for hours to get them to take [him] to the hospital . . . ."  *Id.*

The undersigned instructed Plaintiff to provide the approximate dates that each event occurred or began; in response, Plaintiff amended and indicated that the events above occurred on September 25, 2019.  [doc. # 7-1, p. 1].  Corroborating that date, Plaintiff attaches medical records demonstrating that he received care on October 2, 2019, for injuries sustained after someone "at home dropped him on his head . . . ."  [doc. # 5-1, p. 1].

The following claims accrued on September 25, 2019: that defendants illegally searched Plaintiff's home, dropped him three times when they tried to lift him from his wheelchair, placed him in a vehicle which was not handicap-accessible, failed to place him back in his wheelchair correctly, and refused to help him "get back in" his wheelchair.  Plainly, Plaintiff knew or had reason to know of these alleged violations the day they occurred.  Plaintiff had one year from that date, or until September 25, 2020, to file his claims.  As Plaintiff did not file the claims until February 14, 2022, the statute of limitations bars the claims.[2]

Plaintiff's lack-of-medical-care claims accrued later.  "[T]he allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."  *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980).  Here, Plaintiff's claims that defendants failed to call paramedics and transported him to jail instead of to a hospital accrued at the latest on October 2, 2019, when he received medical care.[3]  [doc. # 5-1, p. 1].  Plaintiff had one year from October 2, 2019, or until October 2, 2020, to file his claims.[4]  As Plaintiff did not file the claims until February 14, 2022, the claims are untimely.

---

[2] The limitations period is subject to state tolling and equitable tolling in certain circumstances, but Plaintiff does not allege or suggest that such circumstances were present before he filed this proceeding.

[3] The claims potentially accrued earlier.  Plaintiff states that on September 25, 2019, at 11:56 a.m., after certain defendants dropped him, he "had to beg for hours to get them to take [him] to the hospital[.]"  [doc. # 5, p. 1].  He does not specify how many hours he begged for hospital care, but his allegations suggest that he received care either on September 25 or 26, 2019.

[4] *See Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) ("Although his general complaint was that he received 'inadequate' medical care, each instance of potentially deliberate indifference ceased when he received medical attention.").

### 3. Identifying a Responsible Party

Plaintiff alleges that "they" have been harassing him and discriminating against him. [doc. # 5, p. 1].  He maintains that every time he attempts to "file a complaint with Morehouse Parish they tell" him that they cannot help him.  *Id.*  He states that they have been treating him "like this for about 3 years and 5 months[.]"  *Id.*

The Court should dismiss these claims because Plaintiff does not identify a responsible defendant.  The undersigned specifically instructed Plaintiff to "clarify the entities and/or persons he is naming as defendants" and to "provide a separate description of what each defendant did to violate his rights, when it happened, and where it happened[.]"  [doc. # 4, p. 1]. Later, the undersigned again instructed Plaintiff to "provide a separate description of what each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights[.]"  [doc. # 6, p. 2].  Plaintiff filed amended pleadings, but he did not identify which defendant, of the many he names, was responsible for the allegations above.  *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant).[5]

---

[5] *See also Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021) ("The court disregards bare assertions of collective responsibility, unsupported by concrete factual allegations."); *Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

**4. Conclusory Claims**

For context, the undersigned presents Plaintiff's final claims verbatim:  "On 1/31/2022 Judge Fred Jones and John SpiresA N Randy Tappin N Corporal Epps N Chris Thirdkill was holding me hostage trying to focus me to take some charges to cover their wrong doing. [sic]." [doc. # 5, p. 1 (capitalization removed)].

As noted above, the undersigned instructed Plaintiff to "provide a separate description of what each defendant did to violate his rights; in other words, a description of how each defendant participated in the violation of his constitutional rights[.]"  [doc. # 6, p. 2].  The undersigned instructed Plaintiff to "provide additional detail about each distinct claim."  *Id.* at 2.  In addition, the undersigned specifically instructed Plaintiff to "(a) identify any crimes he was charged with arising out of his encounter with defendants on or around January 31, 2022; (b) state whether the charges are pending; (c) state whether he was convicted (i.e., by pleading guilty or by a judge or jury finding) and which charges resulted in convictions; and (d) state whether any conviction was reversed, expunged, declared invalid or called into question . . . ."  *Id.*

Plaintiff filed an amended pleading, but he did not provide any additional detail or context about the claims above.  Even considering the allegations liberally and in Plaintiff's favor, Plaintiff offers only threadbare recitals of causes of action and vague and conclusory statements.  The Court should dismiss these claims.

<u>**Recommendation**</u>

For the reasons above, **IT IS RECOMMENDED** that the Court **DISMISS** the following claims, filed by Plaintiff Glen Akins, as untimely, as frivolous, and for failing to state claims on which relief may be granted: (1) that his home was searched illegally; (2) that he was dropped three times; (3) that defendants failed to call paramedics; (4) that he was placed in a truck which

was not handicap-accessible; (5) that he was transported to jail instead of to a hospital; (6) that he was not placed back in his wheelchair correctly; (7) that defendants refused to help him "get back in" his wheelchair; and (8) that he had to beg for hospital care.

**IT IS FURTHER RECOMMENDED** that Plaintiff's remaining claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 23rd day of May, 2022.

Kayla Dye McClusky
United States Magistrate Judge